# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER TORRES RAMIREZ, | Case No.  1:22-cv-01060-SKO (HC) |
| Petitioner, | ORDER GRANTING PETITIONER LEAVE TO FILE MOTION TO AMEND TO NAME A PROPER RESPONDENT |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, THE SUPERIOR COURT OF FRESNO COUNTY, | [THIRTY DAY DEADLINE] |
| Respondents. | |

On August 18, 2022, Petitioner filed a federal petition for writ of habeas corpus.  He named the People of the State of California and the Superior Court of Fresno County as Respondents in this matter.  However, these entities are not proper respondents.  Petitioner will be granted leave to amend the respondent in order to avoid dismissal of the action.

### DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears

1  that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440

2  F.2d 13, 14 (9th Cir. 1971).

3      A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state

4  officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing

5  § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California

6  Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an

7  incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because

8  the warden has "day-to-day control over" the petitioner.  Brittingham v. United States, 982 F.2d

9  378, 379 (9th Cir. 1992); see also Stanley, 21 F.3d at 360. However, the chief officer in charge

10 of state penal institutions is also appropriate.  Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.

11 Where a petitioner is on probation or parole, the proper respondent is his probation or parole

12 officer and the official in charge of the parole or probation agency or state correctional agency.

13 Id.

14      Petitioner's failure to name a proper respondent requires dismissal of his habeas petition

15 for lack of jurisdiction.  Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326,

16 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd

17 Cir. 1976).  However, the Court will give Petitioner the opportunity to cure this defect by

18 amending the petition to name a proper respondent, such as the warden of his facility.  See West

19 v. Louisiana, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d

20 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent);

21 Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).  In the interests of judicial

22 economy, Petitioner need not file an amended petition.  Instead, Petitioner may file a motion

23 entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may

24 name the proper respondent in this action.

25 ///

26 ///

27 ///

28 ///

**ORDER**

Accordingly, Petitioner is GRANTED thirty days from the date of service of this order in which to file a motion to amend the instant petition and name a proper respondent.  Failure to amend the petition and state a proper respondent will result in dismissal of the petition for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **August 24, 2022**                              /s/ *Sheila K. Oberto*
                                                         UNITED STATES MAGISTRATE JUDGE