UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER TORRES RAMIREZ,<br><br>        Petitioner,<br><br>    v.<br><br>TRENT ALLEN, Warden,<br><br>        Respondent. | Case No.: 1:22-cv-01060-AWI-SKO (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS [Doc. 20]<br><br>[TWENTY-ONE DAY OBJECTION PERIOD] |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed his petition in this Court on August 14, 2022.[1] (Doc. 1.) On December 2, 2022, Respondent filed a motion to dismiss contending that the petition violates the statute of limitations. (Doc. 20.) Petitioner did not file an opposition. Upon review of the pleadings, the Court finds that the petition violates the statute of limitations. The Court will therefore recommend that Respondent's motion to dismiss be granted and the petition be dismissed with prejudice.

---

[1] Although the petition was filed in this Court on August 18, 2022, the petition was dated August 14, 2022. Pursuant to the mailbox rule, a pro se habeas petition is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276 (1988). Therefore, under the mailbox rule, the Court deems the petition filed on August 14, 2022, the date Petitioner presumably handed his petition to prison authorities for mailing.

1

**DISCUSSION**

I.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     Limitations Period for Filing Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on August 14, 2022, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the California Supreme Court denied the petition for review on February 24, 2016. (Doc. 21-3,4.) Direct review concluded on May 24, 2016, when the ninety-day period for filing a petition for writ of certiorari

expired. The statute of limitations commenced on the following day, May 25, 2016. Absent applicable tolling, the last day to file a federal habeas petition was May 24, 2017.

III.     Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008) (*per curiam*); see Evans v. Chavis, 546 U.S. 189, 193-194 (2006); Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Here, Petitioner filed one application for collateral review—a petition for writ of error coram nobis to the Fresno County Superior Court. (Doc. 21-5.) Pursuant to the mailbox rule, the petition was filed on January 19, 2017. (Doc. 21-5.) On March 6, 2017, the petition was denied. (Doc. 21-6.)

Petitioner is not entitled to statutory tolling for the time period between the finality of direct of review and the commencement of post-conviction collateral review. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). By the time Petitioner filed his state petition on January 19, 2017, 239 days of the limitations period had run, leaving 126 days remaining in the period. The limitations period was tolled during the pendency of the petition until it was denied on March 6, 2017. The limitations period resumed on March 7, 2017, and with 126 days remaining, expired on July 11, 2017. Petitioner did not file his federal petition until August 14, 2022, which was over five years after the limitations period had expired. Therefore, the federal petition is untimely.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitations period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 25, 2023**                          /s/ *Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE