UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER TORRES RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br><br>TRENT ALLEN, Warden,<br><br>Respondent. | No. 1:22-cv-01060-AWI-SKO (HC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 24)**<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. 20)**<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 26, 2023, the Magistrate Judge assigned to the case issued Findings and Recommendation to grant Respondent's motion to dismiss the petition for violating the statute of limitations. (Docs. 20, 24.) This Findings and Recommendation was served upon all parties and contained notice that any objections were to be filed within twenty-one (21) days from the date of service of that order. On March 10, 2023, Petitioner filed objections to the Magistrate Judge's Findings and Recommendations. (Doc. 27.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a de novo review of the case. In his objections, Petitioner claims he should be excused from the

1

statute of limitations because he is illiterate, ignorant of the law, and was subjected to lockdowns and transfers.  The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Irwin v. Department of Veteran Affairs*, 498 U.S. 89, 96 (1990); *Calderon v. U.S. Dist. Ct. (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996), *cert. denied*, 522 U.S. 814 (1997)).  Petitioner bears the burden of alleging facts that would give rise to tolling. *Pace*, 544 U.S. at 418; *Smith v. Duncan*, 297 F.3d 809 (9th Cir.2002); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir.1993).

Here, Petitioner fails to demonstrate that he has been pursuing his rights diligently or that some extraordinary circumstance stood in his way.  Petitioner filed a petition for writ of error coram nobis on January 19, 2017.  Thereafter, he took no action in the state courts, and he fails to show that he made any attempt to pursue his rights diligently.  He did not make another attempt to file a petition either in state or federal court for another five years.

He also fails to show that some extraordinary circumstance stood in his way.  He claims he is illiterate and ignorant of the law; however, broad claims of illiteracy and ignorance of the law are insufficient to justify equitable tolling. *See Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000); *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991). Petitioner's circumstances are no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus.  If illiteracy, lack of legal training, and ignorance of the law were an excuse for not complying with the limitations period, Congress would never have enacted the AEDPA as most incarcerated prisoners share these same problems.

Petitioner also claims he was subjected to lockdowns and prison transfers.  Petitioner provides no specifics in support of his claim, such as when these lockdowns and prison transfers occurred, their duration, what attempts Petitioner made to pursue his remedies during these occasions, and how these lockdowns and transfers stood in his way from pursuing his remedies.

Moreover, like the previous claim, most prisoners share these same circumstances, yet they are able to comply with the limitations period.

Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.

In addition, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)   In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)   There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting

*Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed January 26, 2023 (Doc. 24), is ADOPTED IN FULL;
2. Respondent's motion to dismiss (Doc. 20) is GRANTED;
3. The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;
4. The Clerk of Court is directed to ENTER JUDGMENT AND CLOSE THE CASE; and,
5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: April 7, 2023

SENIOR DISTRICT JUDGE